MARGARET G. FOLEY
Nevada Bar No. 7703
E-Mail: margaret.foley@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

Attorneys for Defendants, Clark County,
Clark County Department of Family Services, and
Clark County Child Protective Services

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERICK DEVON ARRINGTON, SR., as Special Administrator of the Estate of RODERICK DEVON ARRINGTON, JR., deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA; STATE OF NEVADA DIVISIONS OF CHILD AND FAMILY SERVICES; CLARK COUNTY, a political subdivision of the State of Nevada; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; CLARK COUNTY CHILD PROTECTIVE SERVICES, a part of the Clark County Department of Family Services; CLARK COUNTY SCHOOL DISTRICT; DINA JAMISE BEVERLY-PALMER, an individual; MARKIECE PALMER, an individual; DOES 1 through X, inclusive and ROE CORPORATIONS 1 through X, inclusive,<br><br>          Defendants. | CASE NO. 2:13-cv-00622-JAD-NJK<br><br>**STIPULATION AND PROTECTIVE ORDER** |

4811-0414-8500.1

## STIPULATION AND PROTECTIVE ORDER

1. Plaintiff, Clark County, Clark County Department of Family Services, and Clark County Child Protective Services ("County Defendants"), and Clark County School District ("CCSD"), through their respective counsel and subject to the Court's approval, hereby stipulate and agree as follows with respect to the disclosure of Confidential Documents and Information in the above-captioned litigation (the "Litigation").

2. The parties to this action acknowledge there is a presumption of access to judicial files and records and that good cause must be shown to overcome this presumption. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The parties believe good cause exists, as set forth hereinafter, and submit this Stipulation and Protective Order (hereinafter "Order") solely for the purpose of facilitating the exchange of documents and information between the parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or documents under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or absence thereof.

## PROCEDURES REGARDING CONFIDENTIAL INFORMATION

3. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, photographs, memoranda, email communications, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation, including, without limitation, documents relating to the minor decedent's UNITY file, education, mental health, and health services and any other

UNITY database entries. A draft or non-identical copy is a separate document within the meaning of these terms.

4. The parties acknowledge that Documents and Information regarding any child who has been or is in DFS custody contain sensitive information that is generally protected from disclosure pursuant to federal and state law, including without limitation (all of the following are collectively referred to herein as "DFS Records"):

(a) Information that identifies by name or address, or could reasonably lead to the disclosure of the name or address of any applicant for or recipient of child welfare, foster care, or adoption assistance services [45 C.F.R. 1355.21];

(b) The names and addresses of applicants for and recipients of child welfare, foster care, or adoption assistance services and the amounts of financial assistance provided to them [45 C.F.R. 205.50];

(c) Information related to the social and economic conditions or circumstances of particular individual applicants for or recipients of child welfare, foster care, or adoption services [45 C.F.R. 205.50];

(d) Agency evaluations of information about particular individual applicants for or recipients of child welfare, foster care, or adoption assistance services [45 C.F.R. 205.50];

(e) Medical data concerning particular individual applicants for or recipients of child welfare, foster care, or adoption assistance services [45 C.F.R. 205.50]; and

(f) All records of child abuse reports and all information obtained in investigating reports of child abuse and neglect [45 C.F.R. 1340.14; Nev. Rev. Stat. Ann. § 432B.280].

(g) The parties also acknowledge that all files or documents of any child who has been or is in DFS custody shall come within the provisions and protections of this Order.

5. Further, the privacy of Roderick Devon Arrington, Jr. and other students who are not parties to the Litigation is protected under federal law, including the Family Educational Rights and Privacy Act (hereinafter "FERPA"). The parties acknowledge that Documents and Information reasonably likely to lead to admissible evidence in this Litigation could contain information that is protected by FERPA (hereinafter "FERPA Records"). Notwithstanding anything to the contrary herein, if any party requests Documents or Information subject to FERPA, the parties acknowledge that a court order requiring the disclosure of such specific Document or Information must first be obtained, except as it relates to Roderick Devon Arrington, Jr., in whose case this Stipulation and Protective Order shall constitute both the requisite written consent and court order. If such an order is obtained authorizing the disclosure of personally identifying information of any student other than Roderick Devon Arrington, Jr., the disclosed Documents or Information shall be deemed as CONFIDENTIAL, as defined herein. Alternatively, CCSD may redact all personally identifying information regarding any student other than Roderick Devon Arrington, Jr. prior to the disclosure of any requested Document or Information subject to FERPA.

6. The parties agree that any Document or Information may be designated by the producing party as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order (hereinafter "Order") and any such designated Document or Information shall not be provided to or made available to third parties except as permitted by, and in accordance with, the provisions of this Order.

7. Confidential Documents shall be so designated by marking or stamping each page of the Document produced to or received from a party with the legend "CONFIDENTIAL" and the document and information contained therein shall be deemed to be a Confidential Document or Information pursuant to this Order.

8. Testimony taken at a deposition may be designated as CONFIDENTIAL by any party making a statement to that effect on the record at the

deposition or within ten (10) business days of receipt of the transcript. The party designating any portion or the entirety of the deposition testimony as CONFIDENTIAL shall make arrangements with the court reporter to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately.

9. Confidential Documents and Information shall be maintained in strict confidence by the parties who receive such Documents and Information, shall only be used for the purpose of prosecution, defense, or settlement of this action, and for no other purpose, and shall not be disclosed to any person except:

(a) to the Court, including any appellate Court, under seal;

(b) to the attorneys of record in this Litigation (and other assisting attorneys in the same firm) and paralegal, clerical, and secretarial staff employed by such counsel;

(c) a party, or an officer, director, agent, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(d) experts or consultants (and their clerical staff) consulted and/or retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(e) court reporter(s) employed in this action; or

(f) a witness at any deposition or court proceeding in this action; provided, however, that if an objection is made regarding disclosure of the Confidential Documents and/or Information, no disclosure shall be made pending resolution of the objection. If the objection regards DFS Records or FERPA Records, the objection can only be resolved by stipulation of the parties or court order which, in the case of FERPA Records, allows CCSD no less than 30 days' notice to the parents of the children that may be implicated by any disclosure.

10. Any person other than a party, counsel for a party, or a direct employee of such counsel, having access to information pursuant to paragraph 9, shall be provided a copy of this Order by the party providing access to the Document or

1 Information. Such persons shall be bound by this Order and shall not disclose the
2 Document or Information to any persons not authorized under state or federal law or
3 order of this Court to receive such Document or Information. Furthermore, any such
4 person shall sign a statement of confidentiality prior to being furnished with any
5 such Document or Information.

6      11.    All designations of Documents and Information as CONFIDENTIAL
7 must be made in good faith.

8      12.    If any party or non-party includes in papers to be filed with the Court:
9 (i) a Document or Information designated as CONFIDENTIAL, or (ii)information
10 derived from a Document or Information designated as CONFIDENTIAL, such
11 papers, or the confidential portion thereof, shall be filed under seal in accordance
12 with Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana v. City and
13 County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Hard copies shall be submitted
14 to the parties in accordance with Local Rule 10-5 and local e-filing instructions.
15 Parties and nonparties shall also comply with all requirements of Fed. R. Civ. P. 5.2
16 with regard to all documents that are filed with the court, except that reference can
17 be made to Roderick Devon Arrington, Jr., by his name, instead of initials.

18      13.    This Order does not affect access to CONFIDENTIAL Documents or
19 Information by individuals, including employees of Clark County or the CCSD, who
20 are otherwise authorized under state law or regulation to have such access.

21      14.    The disclosure of CONFIDENTIAL Documents and Information under
22 the terms of this Order does not conflict with Nev. Rev. Stat. §§ 127.200, 179A.110,
23 432B.280, 432B.290, 432B.407, 432B.513 or Nev. Admin. Code provisions
24 127.200 or 424.485, or FERPA. This Order shall be without prejudice to the right
25 of the parties (i) to bring before the Court at any time the question of whether any
26 particular Document or Information is, in fact, CONFIDENTIAL or whether its use
27 should be restricted in any manner whatsoever; or (ii) to present a motion to the
28 Court for a separate protective order as to any particular Document or Information,

including restrictions differing from those specified herein.

15. If a party, through inadvertence, produces any CONFIDENTIAL Document or Information without designating it as such in accordance with the provisions of this Order, the producing party may, promptly upon discovery, furnish a substitute copy properly designated along with written notice to all parties (or written notice alone as to non-documentary Information) that such Document or Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must thereafter treat such Document and Information as CONFIDENTIAL in accordance with the notice. Disclosure of such Confidential Document or Information prior to the receipt of such notice shall not be deemed a violation of this Stipluation and Protective Order.

16. This Order shall be without prejudice to any party to claim that a Document that a party marked as containing Confidential Information is also protected by the attorney-client privilege, work product doctrine, or any other privilege or limitation recognized under state or federal law. Determinations of confidentiality and privilege are separate, and nothing in this Order constitutes a waiver of privilege. Nothing in this Order shall be construed as an admission or agreement that any specific Document or Information is or is not Confidential, subject to discovery, relevant, or admissible in evidence in this or any future proceeding.

17. At the conclusion of this Litigation, including by way of settlement, all discovery material made CONFIDENTIAL pursuant to this Order, or another court order, all Documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the CONFIDENTIAL material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material to have been destroyed. Notwithstanding the

1 foregoing, counselmay retain CONFIDENTIAL Documents and Information solely
2 for archival purposes, provided that such CONFIDENTIAL Documents and
3 Information areprominently marked with the statement:

4 **CONFIDENTIAL**

5 **This envelope contains documents that are subject to a Protective Order**
6 **entered by the Court in this action governing the use of confidential discovery**
7 **material.**

8 or some substantially similar statement. The provisions of this Order shall continue
9 to apply to all Confidential materials not returned or destroyed in accordance with
10 this paragraph.
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

IT IS SO ORDERED.

October 15, 2013.

_____
U.S. Magistrate Judge

4811-0414-8500.1                                      8

18. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

DATED this 11 day of October, 2013.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _/s/ Margaret G. Foley_
MARGARET G. FOLEY (Bar No. 7703)
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants, Clark County, Clark County Department of Family Services, and Clark County Child Protective Services*

CALLISTER & ASSOCIATES

By _/s/ Matthew Q. Callister_
MATTHEW Q. CALLISTER (Bar No. 1396)
823 Las Vegas Blvd. South, 5th Floor
Las Vegas, NV 89101
Tel. 702.385.3343
*Attorneys for Plaintiff*

RODERICK DEVON ARRINGTON, SR.

By _/s/ Roderick Devon Arrington, Sr._
RODERICK DEVON ARRINGTON, SR.
*Plaintiff*

LEWIS & ROCA LLP

By _/s/ Dan R. Waite_  10/10/13
DAN R. WAITE (Bar No. 4078)
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, Nevada 89169
Tel. 702.949.8200
*Attorneys for Defendant Clark County School District*

4811-0414-8500.1

9

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 11th day of October, ~~August,~~ 2013, I did cause a true and correct copy of the foregoing **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** to be served via the CM/ECF filing system to all parties on the service list.

By _____Peggy Kuilla_____
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4811-0414-8500.1

10