1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Roderick Arrington,

        Plaintiff,

        v.

Clark County Department of Family Services, et al.,

        Defendants.

Case No.: 2:13-cv-622-JAD-NJK

**Order Dismissing Federal Claim and Remanding State Claims**

In this tragic case, the grieving father of a seven-year old boy killed at the hands of his mother and step-father sues Clark County and its agencies for failing to timely intervene and protect the child from his abusers at home.  The County and its departments of family services and child protective services move to dismiss the father's state-tort-law and federal civil rights claims based on qualified immunity, and they further challenge the civil rights claim on the basis that these facts—though heartbreaking—do not state a constitutional violation as a matter of law.  Although the County may not avail itself of the qualified-immunity defense, I find that plaintiff has not pled a § 1983 claim and that the United States Supreme Court's decision in *Deshaney v. Winnebago County Department of Social Services* precludes him from doing so in this case.  I thus grant the motion to dismiss plaintiff's lone federal claim, decline to retain supplemental jurisdiction over plaintiff's remaining state-law claims, and remand this case back to the Eighth Judicial District Court.

**Discussion**

**A.    Factual Background**[1]

Seven-year-old Roderick Arrington, Jr. ("RJ") arrived at Roundy Elementary School on November 28, 2012, visibly in pain and barely able to walk or sit down in his classroom chair.  Doc.

---

[1] This background section is derived from allegations in the complaint and is not intended as any finding of fact.

1   1-1 at 4.  School officials examined him and discovered "extensive scarring" on his back.  *Id.*  RJ

2   explained to them that, when he gets in trouble at home, his mother Dina Jamise Beverly-Palmer

3   and/or her husband Markiece Palmer, would strike him with a TV cord, broom handle, spatula, or

4   belt.  *Id.*[2]   School officials called the Clark County Department of Family Services ("DFS") to

5   investigate RJ's allegations, but DFS failed to return their call that day, so school officials sent RJ

6   home.  That night, Dina and Markiece beat RJ unconscious; he died from a brain injury two days

7   later.  *Id.*

8          RJ's father, Roderick Arrington, Sr., ("Arrington") sues Clark County, its department of

9   Child Protective Services ("CPS"), and DFS (collectively, "the County Defendants") for failing to

10   intervene and prevent RJ's death at the hands of his caretakers.  Doc. 1-1.[3]  He pleads claims for

11   negligence; negligence per se for failing to comply with Nevada's child protective custody statute,

12   NRS § 432B.260(2)(b); wrongful death; and a civil rights violation under a *Monell* theory.  *Id.* at 5-

13   10.

14   **B.     Motion to Dismiss**

15          The County Defendants now move to dismiss the four claims against them.  DFS and  CPS

16   contend they are not proper defendants because they are municipal departments for which the State

17   of Nevada has not waived Eleventh Amendment immunity.  Doc. 7 at 10-11.  All County

18   Defendants argue that they are shielded from liability for all claims based on the doctrine of

19   qualified discretionary immunity.  *Id.* at 6-10.  And they aver that plaintiff's ability to plead a

20   constitutional violation under *Monell* is foreclosed by the Supreme Court's *DeShaney v. Winnebago*[4]

21   decision, which held that the government has no obligation to protect its citizens from harm by a

---

[2] The complaint does not clarify the true relationship between Markiece and RJ's mother, nor is it material to this discussion; for purposes of this order, I refer to Markiece as Dina's husband.

[3] The complaint was originally filed in the Eighth Judicial District Court for Clark County, Nevada, on February 14, 2013.  Doc. 1 at 2; 1-1 at 1.  Defendants removed this case to federal court on April 11, 2013, based on federal question jurisdiction.  Doc. 1 at 2-3.  Arrington also sued the State of Nevada, the State of Nevada Divisions of Child and Family Services, and the Clark County School District; these defendants were dismissed via stipulation.  Docs. 46, 80.  Arrington also sued Markiece Palmer and Dina Jamise Beverly-Palmer, and defaults have been entered against these non-appearing defendants.  Doc. 47.

[4] *DeShaney v. Winnebago*, 489 U.S. 189 (1989).

2

third party.  *Id.* at 3-5.

Plaintiff's thin, eight-page opposition concedes that DFS and CPS "are not separate legal entities that can be sued."  Doc. 26 at 7-8.  But plaintiff contends that the doctrine of qualified immunity has no application to municipalities like the County, and that his *Monell* claim survives because the County "acquired an 'affirmative duty' enforceable through the Due Process Clause, after it undertook to prevent RJ from harm."  *Id.* at 6.  I now dismiss all claims against CPS and DFS and dismiss the *Monell* claim because *DeShaney* precludes plaintiff from stating a plausible civil-rights claim under these facts.  Having dismissed the claim on which federal jurisdiction was premised, I decline to retain supplemental jurisdiction over plaintiff's remaining state claims.  I leave those claims—and any argument for their dismissal—to the state court's adjudication.

### 1.    The Plausibility Standard

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action and provides, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  A district court may dismiss a complaint brought under Rule 8(a) for failing to state a claim upon which relief can be granted.[5]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[6]  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."[7]  The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[8]  To state a "plausible" claim for relief,

---

[5] Fed. R. Civ. Proc. 12(b)(6).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[9]  This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[10]

### 2.    *Dismissal of All Claims Against DFS and CPS*

The County Defendants argue that only Clark County itself is a proper defendant in this case; DFS and CPS are merely departments of the County that have not waived Eleventh Amendment immunity to suit.  Doc. 7 at 10.  Arrington concedes these two defendants "are departments under Clark County and they are not separate legal entities that can be sued or be sued," and he represents that in "no way are the Plaintiffs attempting to seek a double recovery by identifying" these two defendants in the complaint.  Doc. 26 at 8.  He suggests that it is important to list these two departments in his complaint to give the defendants a "clear idea" of who the bad actors were in this case.  *Id.*  As plaintiff tacitly concedes that these entities are not proper defendants, and he offers no substantive argument for retaining them as defendants, the claims against CPS and DFS individually are dismissed.  I thus consider the remaining motion-to-dismiss arguments only as to the County.

### 3.    *Plaintiff's Claim for Deprivation of Constitutional Rights Under 42 U.S.C. § 1983—Monell Liability*

Plaintiff's sixth cause of action asserts a § 1983 civil-rights action claim against the County under a *Monell*-liability theory.  Doc. 1-1 at 9.  42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes.[11]  Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[12]  To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must

---

[9]  *Iqbal*,  556 U.S. at 678-79.

[10]  *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[11]  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[12]  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

show that the alleged deprivation was committed by a person acting under color of law."[13] Importantly, "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."[14]  Without a constitutional violation, no § 1983 liability lies—under a *Monell* theory or otherwise.[15]

### a. *A Qualified Immunity Defense Is Not Available to Clark County.*

The County argues that even if the merits of Arrington's section 1983 claim survive the motion to dismiss, he cannot show that County officials or employees violated a "clearly established" Constitutional right, therefore the County enjoys qualified immunity from this suit. Doc. 7 at 6-7.  But there is a fundamental problem with the County's argument: the qualified-immunity doctrine shields only *individual government officials*, not municipal entities.[16]  Arrington sues only the County, not any individual County employee.  The County cannot evade liability for Arrington's § 1983 claim under the doctrine of qualified immunity.

### b. *Arrington Cannot Establish a § 1983 Claim on the Facts of this Case.*

Arrington's § 1983 claim must be dismissed for a different reason: he cannot establish a constitutional violation on the facts of this case.  Arrington alleges that Clark County, as well as its supervisors and officers had a policy, practice, and custom "to tolerate and ratify the unresponsive practices of its employees and agents to reports of extreme cases [of] child abuse and neglect," and that Clark County inadequately hired, trained, and supervised its officers and agents to respond to reports of such extreme neglect "as in the case of the Decedent."  Doc. 1-1 at 9.  According to Arrington, in perpetrating this willful, oppressive, and malicious conduct Clark County intentionally

---

[13] *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

[14] *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original); *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (citing cases).

[15] *See id.*; *Monell v. Department of Social Svcs. of City of New York*, 436 U.S. 658 (1978); *see Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007).

[16] *Owen v. City of Independence, Missouri*, 445 U.S. 622, 649-50 (1980); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Governmental units may not assert the good faith of their officers or employees as a defense to liability under section 1983.").

5

disregarded RJ's constitutional rights.  *See id.*  Although he fails to identify by his complaint what constitutional right was violated, his opposition supplies it: RJ's right to substantive due process under the Fourteenth Amendment.  Doc. 26 at 5-6.

But the United States Supreme Court's opinion in *DeShaney v. Winnebago County Dept. of Social Services* forecloses the success of any due process claim on these facts.  Like the instant lawsuit, *DeShaney* involved a parent's § 1983 substantive-due-process claim seeking to redress the county's failure to intervene to protect a child against known abuse by the other parent.[17]  The county's department of social services ("DSS") investigated Joshua DeShaney's father for more than two years and through two emergency-room visits, a temporary placement of the child in hospital protective custody, a violated cooperation agreement between the father and DSS, and months of home visits—allthewhile Joshua continued to sustain "suspicious" injuries and DSS did little more than note these developments in its file—before the father "beat 4-year-old Joshua so severely that he fell into a life-threatening coma."[18]  The Supreme Court granted certiorari "[b]ecause of the inconsistent approaches taken by the lower courts in determining when, if ever, the failure of a . . . local entity to provide an individual with adequate protective services constitutes a violation of the individual's due process rights."[19]

The High Court noted that the purpose of the due process clause is "to protect the people from the State, not to ensure that the State protected them from each other," and due process generally confers "no affirmative right to government aid, even where such aid may be necessary to secure life, liberty, or property interests. . . ."[20]  Applying constitutional principles to the facts, the court explained, "[t]he most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them."[21]  The Court concluded, because "the State had no constitutional duty to protect Joshua against his father's

---

[17] 489 U.S. at 193.

[18] *Id.* at 192-93.

[19] *Id*. at 194.

[20] *Id*. at 196.

[21] *Id*. at 203.

1  violence, [so] its failure to do so—though calamitous in hindsight—simply does not constitute a

2  violation of the Due Process Clause."[22]  The rule derived from *DeShaney* is that "a State's failure to

3  protect an individual against private violence simply does not constitute a violation of the Due

4  Process Clause,"[23] except in two very limited circumstances:  (1) when a "special relationship"

5  exists between the plaintiff and the governmental agency and (2) when the government affirmatively

6  places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious

7  danger."[24]  "If either exception applies, a state's omission or failure to protect may give rise to a §

8  1983 claim."[25]

9       Plaintiff argues—rather baldly—that this is a "special relationship" case: "Clark County

10  acquired an 'affirmative duty' enforceable through the Due Process Clause, after it undertook to

11  prevent RJ from harm, then failed to discharge that duty, which was an abuse of government power

12  that so 'shocks' the conscience' as to constitute a substantive due process violation."  Doc. 26 at 6.

13  But the special relationship exception is only triggered when the state "takes a person into its

14  custody and holds him there against his will."[26]  "The special-relationship exception does not apply

15  when a state fails to protect a person who is not in custody."[27]

16       There was no custodial situation in this case: RJ simply went to school and then went back

17  home.  Doc. 1-1 at 4; 26 at 3.  And the Ninth Circuit in *Patel v. Kent School District* held that even

18  mandatory school attendance does not give rise to the special relationship required to exempt a case

19  from the *DeShaney* rule.[28]  It is not enough that the County failed to protect RJ from harm; "the

20

21       [22] *Id.* at 202.

22       [23] *Id.* at 197; *Patel v. Kent Sch. Dist.,* 648 F.3d 965, 971 (9th Cir. 2011) (citations and alterations omitted).

23

24       [24] *Patel*, 648 F.3d at 971-72 (citations omitted).  Plaintiff neither pleads nor argues the deliberate-indifference exception.  Doc. 1-1 at 9; Doc. 26 at 6.

25       [25] *Id.* at 972.

26       [26] *DeShaney*, 489 U.S. at 199-200; *Libscomb By and Through DeFehr v. Simmons*, 962 F.2d 1374, 1389 & n.11 (9th Cir. 1992).

27       [27] *Patel*, 648 F.3d at 972.

28       [28] *Id.* at 973.

affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf."[29]  Just as the Court concluded in *DeShaney*, "while the [County] may have been aware of the dangers that [this child] faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. . . . Under these circumstances, the [County] had no constitutional duty to protect" RJ.[30]

Considering the significantly greater involvement between the protective services division in *DeShaney* than in the instant case, the Supreme Court's conclusion that Joshua DeShaney's mother could not establish a § 1983 substantive-due-process claim plainly forecloses Arrington from doing so on these facts—as tragic as they are.  Plaintiff's sixth cause of action for violation of civil rights under § 1983 and *Monell* is dismissed.

## C.     No Leave to Amend

Although Arrington has never requested leave to amend his complaint, this court has an obligation to consider when dismissing a claim for failure to state a claim upon which relief can be granted to permit amendment if a pleading's deficiencies may be cured by additional factual allegations.[31]  If the court determines that the allegation of additional facts consistent with the challenged pleading could not possibly cure the deficiency, dismissal without leave to amend is appropriate.[32]

I find that *DeShaney* clearly prohibits Arrington from stating a claim based on the County's failure to protect RJ from his mother and step-father's abuse, and I do not find that this legal deficiency could be cured by the addition of any facts consistent with the instant pleading. Accordingly, amendment would be futile, and the dismissal of the constitutional claim against the County shall be without leave to amend.

---

[29] *DeShaney*, 489 U.S. at 200 (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).

[30] *Id*. at 201.

[31] *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012).

[32] *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (citing *Albrecht v. Lund*, 845 F.3d 193, 195-96 & n.1 (9th Cir. 1988), *modified*, 856 F.2d 111 (9th Cir. 1988)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.      Remand of the State Law Claims**

Federal jurisdiction in this case is premised on the pendency of a federal question: Arrington's civil-rights claim.[33]  Supplemental jurisdiction is a doctrine of discretion, not of right.[34] A federal district court may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  The decision whether to decline to exercise supplemental jurisdiction under Section 1367(c) should be informed by the values of economy, convenience, fairness, and comity.[35]

Economy, convenience, fairness, and comity compel me to decline to continue to exercise supplemental jurisdiction over plaintiff's remaining claims under 28 U.S.C. § 1367(c).  The dismissal of plaintiff's *Monell* claim leaves him with only state law claims and me with no pending claims over which this court has original jurisdiction.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[36]  And the tragic subject matter of this case is one in which Nevada has a unique interest.  Accordingly, I deny the rest of the motion to dismiss without prejudice, decline to retain supplemental jurisdiction over plaintiff's remaining state-law claims, and remand this case back to the Eighth Judicial District Court for further proceedings.

**Conclusion**

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is HEREBY ORDERED that the Clark County Defendants' Motion to Dismiss **[Doc. 7]** is

---

[33] *See* Doc. 1 at ¶ 8; 28 U.S.C. § 1367.

[34] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[35] *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[36] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

10

1  **GRANTED** in part and **DENIED** in part:

2         1.      All claims against the Clark County Department of Family Services and the Clark

3                 County Child Protective Services are dismissed;

4         2.      Plaintiff's sixth cause of action is DISMISSED without leave to amend;

5         As the lone federal claim on which jurisdiction in this court was based has been dismissed,

6  IT IS FURTHER ORDERED that the remainder of this case is **REMANDED** back to the Eighth

7  Judicial District Court, Case No. A13-676820, for all further proceedings

8         Dated this 22nd day of September, 2014.

9

10

11                                              _____
   JENNIFER A. DORSEY
12   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11